UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| HOMER K. ABNER<br><br>    Plaintiff,<br><br>v.<br><br>PAM TRANSPORT, INC.<br><br>    Defendant. | CIVIL ACTION NO. 6:21-41-KKC<br><br><br>OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

The matter is before the Court on plaintiff Homer K. Abner's Motion to Remand (DE 5). For the following reasons, the motion will be denied.

Abner filed this action in Knox Circuit Court, alleging that he was injured when a truck driven by an employee of defendant PAM Transport, Inc. struck the vehicle Abner was driving. Abner asserts a negligence claim against PAM and seeks damages including past and future mental and physical pain and suffering and past and future medical expenses.

PAM removed the case to this Court (DE 1) asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332. That statute establishes federal jurisdiction over any action that is between citizens of different states if the amount in controversy exceeds $75,000. PAM is an Arkansas citizen and Abner is a Kentucky citizen. Thus, there is no dispute that diversity exists. The issue on this motion is whether the amount in controversy exceeds $75,000.

As the party asserting federal subject-matter jurisdiction, PAM must establish that it is more likely than not that the amount in controversy exceeds $75,000. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). In its notice of removal, PAM points out that Abner has already received more than $40,000 in workers' compensation payments and has been assigned the carrier's subrogation rights, meaning Abner will seek to recover at least that amount in this action. Added to this are Abner's claims for future medical expenses and past and future pain and suffering. Moreover, Abner also seeks compensation for "loss of enjoyment of life" and "increased likelihood of future complications and inconvenience," which may include claims for past and future wages. PAM argues that Abner's claim for damages likely exceeds $75,000. In this Court's experience, that is likely correct.

In his motion to remand, however, Abner stated that he stipulates that "the amount of damages in controversy does not exceed $75,000." (DE 5, Motion at 1.)  In its response, PAM argues that statement does not sufficiently clarify Abner's damages claim. PAM states, however, that if Abner will stipulate "unequivocally" that he will not pursue more than $75,000, then it does not object to remand. In reply, Abner states that he "will not pursue an amount greater than $75,000 through this lawsuit."

The amount in controversy is determined by the status of the case at the time of removal. *Rogers, Inc.*, 230 F.3d at 871.  Nevertheless, courts have accepted stipulations filed after removal where the stipulation merely *clarifies* the amount in controversy and does not *change* the amount in controversy from the time of removal.  *See e.g., Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 777–78 (W.D.Ky.2002); *Cole v. Great Atl. & Pac. Tea Co.*, 728 F. Supp. 1305, 1309 (E.D. Ky. 1990); *Helton v. Lelion,* No. CIV.A. 5:14-363-DCR, 2014 WL 5824894, at *3 (E.D. Ky. Nov. 10, 2014). "But only where that clarifying stipulation is unequivocal will it limit the

amount of recoverable damages and warrant remand." *Proctor v. Swifty Oil Co., Inc.*, No. 3: 12–CV–490–TBR, 2012 WL 4593409, at *3 (W.D.Ky. Oct.1, 2012).

Abner's statements regarding the amount in controversy are ambiguous. He does not state that he will not *seek or accept* damages of more than $75,000. He merely states that "he will not pursue" more than $75,000. The statement is even more ambiguous regarding the amount in controversy given that, under Kentucky Rule of Civil Procedure 54.03(2), the state court must grant the plaintiff the amount he is entitled to, regardless of whether he demanded that amount in his pleadings. The Sixth Circuit has recognized that rules like this "might enable a plaintiff to claim in his or her complaint an amount lower than the federal amount-in-controversy requirement in an attempt to defeat federal jurisdiction, while actually seeking and perhaps obtaining damages far in excess of the federal requirement." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157-58 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

Abner's stipulation is not the kind of stipulation that "leaves Plaintiff no room to escape the bounds of its restrictions." *Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013) (finding sufficient the plaintiff's stipulation that he will neither seek nor accept money in excess of $75,000). The state court would not be "forced to rely on this stipulation to prevent the award of excess damages." *Id*. at 782.

For all these reasons, the Court hereby ORDERS that the motion to remand (DE 5) is DENIED.

November 23, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY